IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| PARTNERS & FRIENDS HOLDING CORPORATION, §§§§§<br>PLAINTIFF, §<br>V. §§<br>COTTONWOOD MINERALS, L.L.C., §<br>KENNETH C. JOHNSTON, DAVID M. CLEM, §<br>ROBERT W. GIFFORD, JIM E. BULLOCK, §<br>CATHERINE E. (KATE) GAITHER, SEAN M. §<br>AFFLECK, GORDON W. GREEN, NATHAN §<br>MCDONALD, KENNA S. LEMON, NASTACIA §<br>THOMPSON, AND MARY T MENDOZA- §<br>HAENSEL, AS SUBSTITUTE TRUSTEES, §§<br>DEFENDANTS. § | CIVIL ACTION _____ |

**DEFENDANTS' NOTICE OF REMOVAL**

Cottonwood Minerals, LLC, Kenneth C. Johnston, David M. Clem, Robert W. Gifford, Jim E. Bullock, Catherine E. (Kate) Gaither, Sean M. Affleck, Gordon W. Green, Nathan McDonald, Kenna S. Lemon, Nastacia Thompson, and Mary T. Mendoza-Haensel, as Substitute Trustees,[1] remove Cause No. 22-63 from the 69th Judicial District Court in Moore County, Texas to the United States District Court for the Northern District of Texas, Amarillo Division, pursuant to 28 U.S.C. §§1441 and 1446.

This action is removable to because: (i) this Court has original jurisdiction over this case under 28 U.S.C. § 1332, (ii) this notice is filed within thirty days after Defendants were served with the Original Petition and Application for Temporary Restraining Order and Temporary Injunction, and (iii) the state court is within this Court's district and division.

---

[1] Kenneth C. Johnston, David M. Clem, Robert W. Gifford, Jim E. Bullock, Catherine E. (Kate) Gaither, Sean M. Affleck, Gordon W. Green, Nathan McDonald, Kenna S. Lemon, Nastacia Thompson, and Mary T. Mendoza-Haensel are collectively referred to as "Substitute Trustee Defendants."

**PROCEDURAL HISTORY**

1. On July 25, 2022, Partners & Friends Holding Corporation ("P&F"), filed its Original Petition and Application for Temporary Restraining Order and Temporary Injunction in the District Court of Moore County, 69th Judicial District, Cause No. 22-63, styled *Partners & Friends Holding Corporation v. Cottonwood Minerals, LLC, Kenneth C. Johnston, David M. Clem, Robert W. Gifford, Jim E. Bullock,[2] Catherine E. (Kate) Gaither, Sean M. Affleck, Gordon W. Green, Nathan McDonald, Kenna S. Lemon, Nastacia Thompson, and Mary T. Mendoza-Haensel, as Substitute Trustees* ("State Court Action").

2. In the State Court Action, P&F pleaded two causes of action against Defendants: (1) declaratory judgment and (2) injunctive relief. P&F seeks monetary relief from Defendants in an amount of $250,000 or less and non-monetary relief.[3] That action is pending.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81.1, Defendants attaches the following documents, compiled as **Exhibit A**.

| | |
|---|---|
| **Exhibit A-1** | Plaintiff's Original Petition and Application for Temporary Injunction and Permanent Injunction |
| **Exhibit A-2** | Plaintiff's Notice of Hearing |
| **Exhibit A-3** | Rule 11 Agreement |
| **Exhibit A-4** | Defendants' Original Answer & Counterclaim |
| **Exhibit A-5** | State Court's Docket |

---

[2] The Original Petition erroneously names Jim E. Bullock as Jim B. Bullock, Original Petition ¶ 8 (**Ex. A-1**).
[3] Original Petition ¶ 2 (**Ex. A-1**).

## TIMELINESS OF REMOVAL

4. P&F filed the State Court Action on July 25, 2022. The undersigned accepted service on behalf of all Defendants on August 16, 2022. Defendants filed their answer and counterclaim in the State Court Action on September 12, 2022. This removal is timely.[4]

## THE COURT HAS DIVERSITY JURISDICTION

5. This court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### The Parties are Diverse.

6. Complete diversity exists between the parties.

7. P&F is a corporation organized and existing under the laws of the State of Wyoming, with its principal place of business in Plantation, Florida.[5]

8. Cottonwood Minerals LLC is an Oklahoma limited liability company with its principal place of business in Tulsa, Oklahoma. Cottonwood Minerals LLC is a citizen of Oklahoma for diversity purposes because its sole member is a citizen of that state.

9. Kenneth C. Johnston is an individual who resides in Dallas County, Texas

10. David M. Clem is an individual who resides in Dallas County, Texas.

11. Robert W. Gifford is an individual who resides in Dallas County, Texas.

12. Jim E. Bullock is an individual who resides in Collin County, Texas.[6]

---

[4] The 30-day removal clock begins to run upon formal service or waiver of service. *Theller v. PROF-2013-S3 Legal Title Tr. by U.S. Bank Nat'l Ass'n*, No. 3:20-CV-03321-E-BT, 2021 WL 4268280, at *4 (N.D. Tex. Sept. 3, 2021), report and recommendation adopted sub nom. *Theller v. U.S. Bank Nat'l Ass'n as Tr. for Prof-2013 Legal Title Tr.*, No. 3:20-CV-03321-E-BT, 2021 WL 4267666 (N.D. Tex. Sept. 20, 2021) (citing *Bebee v. Motorola Sols., Inc.*, 2017 WL 1180428, at *7 (S.D. Tex. Mar. 29, 2017)).

[5] Original Petition ¶ 3 (**Ex. A-1**).

[6] The Original Petition erroneously states Mr. Bullock is a resident of Dallas County, Texas, Original Petition ¶ 8 (**Ex. A-1**).

13. Catherine E. (Kate) Gaither is an individual who resides in Dallas County, Texas.

14. Sean M. Affleck is an individual who resides in Dallas County, Texas.

15. Gordon W. Green is an individual who resides in Dallas County, Texas.

16. Nathan McDonald is an individual who resides in Travis County, Texas.[7]

17. Kenna S. Lemon is an individual who resides in Collin County, Texas.[8]

18. Nastacia Thompson is an individual who resides in Dallas County, Texas.

19. Mary T. Mendoza-Haensel is an individual who resides in Clark County, Washington.[9]

20. Although P&F names each Substitute Trustee Defendant as a party, P&F fails to allege that Substitute Trustee Defendants committed any wrongdoing. District courts in the "[Western] district routinely disregard the citizenship of trustees in foreclosure cases when the underlying complaint alleges no wrongdoing by the trustees."[10]

21. Because complete diversity of citizenship exists between the real and necessary parties, this court has subject matter jurisdiction over the action.

**Substitute Trustee Defendants are Improperly Joined.**

22. P&F sues each Substitute Trustee Defendant solely in their capacity as a trustee. P&F only seeks injunctive relief in its lawsuit.[11]

---

[7] The Original Petition erroneously states Mr. McDonald is a resident of Dallas County, Texas, Original Petition ¶ 12 (**Ex. A-1**).

[8] The Original Petition erroneously states Ms. Lemon is a resident of Dallas County, Texas, Original Petition ¶ 13 (**Ex. A-1**).

[9] The Original Petition erroneously states Ms. Mendoza-Haensel is a resident of Dallas County, Texas, Original Petition ¶ 15 (**Ex. A-1**).

[10] *Russell v. Newrez LLC*, Case No. 1:19-CV-1109-LY, (W.D. Tex. Feb. 24, 2020); *see also Guerra v. Wells Fargo Bank,* 2015 WL 9451083, at *3 (W.D. Tex. Dec. 21, 2015) (finding that plaintiff lacked any possibility of prevailing on her claim against the trustees and holding that they had been improperly joined); *Klein v. Wells Fargo Bank, N.A.*, 2014 WL 1342869, at *3 (W.D. Tex. Apr. 3, 2014) (ignoring trustee's citizenship and finding trustee was improperly joined where petition contained no allegations against trustee individually); *Eisenberg v. Deutsche Bank Trust Co. Americas*, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011) (holding that trustee did not defeat diversity jurisdiction where trustee was named solely to prevent foreclosure, no Case 1:19-cv-01109-LY foreclosure sale had occurred, and there was no allegation of any wrongdoing by trustee).

[11] Original Petition ¶¶ 33-47 (**Ex. A-1**).

23. To state a claim against each substitute trustee, P&F must affirmatively plead substantive facts alleging bad faith against the trustees.[12] P&F did not plead such facts against Substitute Trustee Defendants.[13]

24. "If the plaintiff does not allege bad faith by the substitute trustee, then the trustee has been improperly joined and should be dismissed from the case."[14]

25. Therefore, the Substitute Trustee Defendants are improperly joined.

**The Amount in Controversy Exceeds $75,000.**

26. For the court to have jurisdiction over this lawsuit, the "matter in controversy [must] exceed[] the value of $75,000, exclusive of interest and costs."[15] Per the petition, the amount in controversy exceeds $75,000.[16]

27. P&F also seeks injunctive relief to prevent Defendants' foreclosure of P&F's valuable oil and gas properties. "In actions for relief from foreclosure, the property itself is the object of litigation and its value is the amount in controversy."[17]

28. This action meets the jurisdictional requirements of 28 U.S.C. § 1332 and is therefore removable pursuant to 28 U.S.C. § 1441.

---

[12] *See Rojas v. Wells Fargo Bank*, N.A., 571 Fed. App'x 274, 277 (5th Cir. 2014) (holding, where plaintiff "does not provide any allegations that [substitute trustee] was acting in bad faith, [he] has no reasonable basis for recovery."); *see also R & L Inv. Prop., LLC v. Green*, No. 3:12–CV–4171–O, 2014 WL 1807618, at *8 (N.D. Tex. May 6, 2014) ("[C]ourts have generally held that Section 51.007(f) imposes a substantive pleading element on a plaintiff that requires a plaintiff to allege bad faith on the part of the trustee.").

[13] *See* Original Petition (**Ex. A-1**).

[14] *Hernandez v. Shellpoint Mortgage Servicing*, No. 1:20-CV-173, 2020 WL 8083674, at *3 (S.D. Tex. Dec. 3, 2020), report and recommendation adopted, No. 1:20-CV-173, 2021 WL 75769 (S.D. Tex. Jan. 8, 2021) (citing *Williams v. Wells Fargo Bank*, No. 4:13-CV-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014)); *see also Eisenberg v. Deutsche Bank Tr. Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *4 (W.D. Tex. July 5, 2011) (A trustee in a wrongful foreclosure suit "is not a necessary party for Plaintiff to obtain [] injunctive relief. . . .").

[15] 28 U.S.C. § 1332(a).

[16] *Id.* ¶ 2 (**Ex. A-1**).

[17] *Calle Monsalve v. CMG Fin.*, No. EP-21-CV-00058-FM, 2021 WL 2935657, at *2 (W.D. Tex. Apr. 30, 2021) (citing *Farkas v. GMAC Mortg.*, LLC, 737 F.3d 338, 341 (5th Cir. 2013)).

## VENUE

29. Venue is proper in the Northern District of Texas, Amarillo Division, because the State Court Action is pending in Moore County, Texas, within this district.[18]

30. Venue is independently proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions alleged to give rise to P&F's claims occurred in Moore County, Texas.[19]

## NOTICE & ADDITIONAL REQUIREMENTS

31. Concurrently with this filing, Defendants will provide written notice of removal to P&F and will file a notice of removal and a copy of this notice with the District Clerk of Moore County, Texas.

32. Pursuant to Federal Rule of Civil Procedure 7.1, Defendants have filed their disclosure statement simultaneously with this notice of removal.

33. Pursuant to Local Rule CV-81, Defendants have furnished to the clerk the following information:

　　1. a completed civil cover sheet;

　　2. a supplemental civil cover sheet; and

　　3. if there is a "related case," as defined by LR 3.3(b)(3) or (b)(4), a notice of related case that complies with LR 3.3(a); and

　　4. a notice of removal with a copy of each of the following attached to both the original and the judge's copy—

　　　　(A) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

　　　　(B) a copy of the docket sheet in the state court action;

---

[18] *See* 28 U.S.C. §§1441.

[19] Pet. ¶ 17 (**Ex. A-1**).

    (C) each document filed in the state court action, except discovery material (if filed by electronic means, each document must be filed as a separate attachment); and

    (D) a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

## CONCLUSION

Having complied with all requirements for removal, Defendants remove this action and respectfully ask that this Court assume jurisdiction and place this action on the docket for further proceedings.

Dated: September 15, 2022

        Respectfully submitted,

        **JOHNSTON CLEM GIFFORD PLLC**

        By: s/ Kate E. Gaither
        **Kenneth C. Johnston**
        State Bar No. 00792608
        kjohnston@johnstonclem.com

        **Sean M. Affleck**
        State Bar No. 24105491
        saffleck@johnstonclem.com

        **Catherine (Kate) Gaither**
        State Bar No. 24059793
        ktaither@johnstonclem.com

        1717 Main Street, Suite 3000
        Dallas, Texas 75201
        (214) 974-8000 Main
        (972) 474-1718 K. Johnston Direct

        **Jim E. Bullock**
        Texas Bar No. 00795271
        jbullock@johnstonclem.com

        5 Cowboys Way, Suite 300
        Frisco, Texas 75034
        (214) 974-8000 Main
        (972) 474-1762 J. Bullock Direct

        ***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I certify that my office served a true and correct copy of this document on all parties via electronic service on September 15, 2022.

        By: s/Kenneth C. Johnston
        **Kenneth C. Johnston**